IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:05-CR-00027-KDB-DCK

| | |
|---|---|
| USA,<br><br>      Plaintiff,<br><br>v.<br><br>VAUGHN COULTER,<br><br>      Defendant. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendant Vaughn Coulter's pro se motion to reduce his sentence pursuant to the First Step Act of 2018. (Doc. No. 58).

In February 2006, Defendant pled guilty to one count of possession with intent to distribute cocaine base and aiding and abetting others in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. No. 23). Defendant admitted in his plea that the amount of cocaine base known to or reasonably foreseeable by him was in excess of 3 grams but less than 4 grams. (Doc. No. 23). At sentencing, the Court determined that the Base Offense Level was 22, based on Defendant being responsible for at least 3 but less than 4 grams of cocaine base. The Total Offense Level, however, was 31 pursuant to Defendant's career offender status.

Under the Anti-Drug Abuse Act of 1986, a cocaine base amount of 5 grams triggered a mandatory statutory minimum of 5 years under Section 841(b)(1)(B) and 50 grams triggered a mandatory statutory minimum of 10 years under Section

1

841(b)(1)(A). Pub. L. No. 99-570, 100 Stat. 3207 (1986), § 1002; *see also United States v. Wirsing*, 943 F.3d 175, 177 (4th Cir. 2019). At the time, crack cocaine was punished 100 times more harshly than powder cocaine offenses. *See, e.g., Wirsing*, 943 F.3d at 177. In an effort to lessen this disparity between crack and powder cocaine offenses, Congress passed the Fair Sentencing Act of 2010. Pub. L. No. 111-220, 124 Stat. 2372 (2010). Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger Section 841's enhanced penalties. It raised the (b)(1)(B) threshold from 5 grams to 28 grams and the (b)(1)(A) threshold from 50 grams to 280 grams. *Id.* In addition, Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). *Id.* Congress did not apply these changes retroactively to people sentenced before the Act's passage. On December 21, 2018, the President signed into law the First Step Act of 2018, which gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018), § 404.

At the time Defendant was sentenced in 2006, the amount of cocaine base that was required to trigger a statutory minimum was 5 grams. However, because Defendant was responsible for only 3 to 4 grams of cocaine base, he was never subject to a statutory minimum even under the lower 5-gram threshold contained in the Anti-Drug Abuse Act of 1986. Therefore, the First Step Act's retroactive application of the Fair Sentencing Act provides Defendant no relief because he was never subject to a mandatory statutory minimum due to his drug quantity. Additionally, Defendant still qualifies as a career offender and there would be no change in the guideline range.

**IT IS, THEREFORE, ORDERED** that Defendant's motion, (Doc. No. 58), is **DENIED**.

The Clerk is directed to certify copies of this Order to Defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: January 9, 2020

Kenneth D. Bell
United States District Judge